## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **GLENNPAUL SANTOS**, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) | |
| | ) | **Case No. 19-cv-4618** |
| Plaintiff, | ) ) | **Jury Trial Demanded** |
| vs. | ) ) | |
| **USI SOLUTIONS, INC.,** | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT FOR RELIEF PURSUANT TO THE
## FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff, Glennpaul Santos ("Santos"), by and through the undersigned attorneys, brings this action on behalf of himself and all others similarly situated against the Defendant, USI Solutions, Inc. ("USI"), and states and alleges as follows:

### NATURE OF THE ACTION

1.      Santos brings this action as a consumer to secure redress from unlawful collection practices engaged in by USI. Santos, on behalf of himself and all others similarly situated, alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA).

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with attempts to collect a debt.  The FDCPA further requires debt collectors to give debtors certain information.  15 U.S.C. §§ 1692e and 1692f.

3.      Santos specifically alleges that USI systematically engaged in collecting, or attempting to collect, settled debts and/or time-barred debts, contrary to the FDCPA.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court under 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

5.      Venue and personal jurisdiction in this District are proper under 28 U.S.C. § 1391(b)(2) because USI conducts business in this District and because USI's collection communications and practices giving rise to the claims occurred within this District.

## PARTIES

6.      Santos is an individual who resides in Des Plaines, Illinois.

7.      Santos is a "consumer" as defined in 15 U.S.C. § 1692a(3) in that  he is a natural person who USI sought to collect from him a debt allegedly incurred for personal, family, or household purposes.

8.      USI is a Delaware corporation with its principal place of business located at 925 Canal Street, Building 1, Bristol, Pennsylvania, 19007. USI conducts business in Illinois. Its registered agent is Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

9.      USI is "debt collector" as defined by the FDCA, 15 U.S.C. §1692(a)(6).

10.     USI is engaged in the business of collecting debts and purchasing or claiming to purchase charged-off consumer debts and enforcing the debts against the consumers.

11.     USI regularly uses the mail to collect debts.

12.     According to USI's website,

> "USI Solutions, Inc is a creditor's rights firm that specializes in debt collection. USI Solutions, Inc is committed to employing innovative and evolving strategies thru utilizing cutting-edge technology in every step of

the collections process. We handle accounts in all phases of collections: before, during, and after suit, including post judgment remedies."

*See* http://unitrustsolutionsinc.com/; last visited on July 4, 2019 at 10:20 p.m.

### FACTS

13.     Santos incurred a credit card debt to Bank of America, N.A. in the amount of $3,512.44.  The nature of the debt was for personal, family and household purposes.

14.     On January 29, 2010, the Law Office of Thomas Landis, Esq. ("Landis") sent a collection letter to Santos attempting to collect the debt Santos owed to the original creditor, Bank of America, N.A. and sold to the creditor, Pinnacle Credit Services, LLC. *See* attached ***Exhibit 1***, a true and correct copy of the January 29, 2010 collection letter sent by Landis to Santos, with the account numbers redacted.

15.     In this letter, a settlement offer was made to Santos which stated, "This letter will serve as confirmation that Thomas Landis, acting for Pinnacle Credit Services, LLC, is authorized to accept $1,229.55 as full settlement of above referenced account." *Id*.

16.     This letter also stated, "Once said funds have been deposited, providing they are not returned from your bank, you will be released from all claims and liabilities pertaining to this account." *Id*.

17.     Santos accepted this settlement offer and paid $1,229.55 to Landis.

18.     Landis sent a second letter to Santos dated February 16, 2010 confirming that Landis received $1,229.55 from Santos and that the account was "settled in full." *See* attached ***Exhibit 2***, a true and correct copy of the February 16, 2010 confirmation of settlement letter sent by Landis to Santos with account number redacted.

19.     After Landis accepted the $1,229.55 payment from Santos as settlement in full of the account, Santos made no further charges or payments on the account.

20.     On June 19, 2019, USI sent a collection letter to Santos wherein it attempted to collect the same debt Santos originally owed to Bank of America, N.A., but which he had paid in full to Landis. *See* attached ***Exhibit 3***, a true and correct copy of the June 19, 2019 collection letter USI sent to Santos with account number redacted.

21.     In its collection letter, USI stated that the amount due is $2,282.89.[1]  *Id*.

22.     USI's statement that a debt in the amount of $2,282.89 was due was a false representation because Santos did not owe any debt to USI and furthermore, the Bank of America, N.A. account was "settled in full" by Santos' payment to Landis. *See **Exhibit 2***.

23.     No payments have been made on the debt since 2010.

24.     The debt is therefore well beyond the five year statute of limitations.

25.     USI's collection letter was a request for full payment of the $2,282.89.

26.     USI's collection letter does not disclose that the statute of limitations has expired.

27.     On information and belief, ***Exhibit 3*** is a form letter intended for use by USI as the initial letter it sends to a consumer.

28.     USI regularly attempts to collect debts on which the statute of limitations has expired.

29.     USI regularly attempts to collect debts which have been previously settled or paid in full.

30.     USI violated §§ 1692e and 1692f of the FDCPA (15 U.S.C. § 1692, *et, seq.*).

31.     15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without

---

[1] $2,282.89 represents the balance of the original Bank of America debt, less the settlement offer paid by Santos ($3,512.44 - $1,229.55).

limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2)     The false representation of --
>
> (A) the character, amount, or legal status of any debt;...
>
> (5)     The threat to take any action that cannot legally be taken or that is not intended to be taken;...
>
> (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer….."

32.     Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA. *See, Phillips v. Asset Acceptance*, 736 F.3d. 1076, 1079 (7th Cir. 2013) (collection lawsuits); *McMahon v. Cavalry Funding*, 744 F.3d 1010 (7th Cir. 2014) (collection letters); *Crawford v. Cavalry Funding*, 758 F.3d 1254 (11th Cir. 2014) (filing a proof of claim); and, *Patrick v. PYOD*, 2014 U.S. Dist. LEXIS 116092 (S.D. Ind. August 20, 2014) (filing a proof of claim).

33.     15 U.S.C. § 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt….."

34.     Contrary to the allegation and representation in its letter to Santos, there was no collectible debt. More than nine years prior to USI's letter to Santos, Santos had paid and settled in full the original debt to Bank of America, N.A. and there was no outstanding debt.

35.     USI had no right to collect the alleged debt. The allegation and representation in USI's letter to Santos constitute  a "false representation" of the "character" and "amount" of the debt.

36.     By attempting to collect a debt which it could not legally collect, USI violated the FDCPA. Furthermore, any action to collect the alleged debt was time-barred by Illinois statute of

limitations because the original Bank of America, N.A. accrued more than five years prior to the date USI sent its collection letter to Santos and was, in fact, paid and settled in full more than five years prior to the date USI sent its collection letter to Santos.

37. USI misrepresented the legal status of the debt in violation of the FDCPA by falsely claiming that it was a debt Santos owed to USI and a debt that USI could collect. USI threatened to take an action to collect a debt which could not be legally taken.

38. Even if Santos had not previously settled the subject debt with Landis, USI still could not have collected on this account because any action to collect this account was time-barred by the Illinois five-year statute of limitations applicable to collect on a credit card account or on account of an oral contract. 735 ILCS 5/13-205; *Portfolio Acquisitions, LLC v. Feltman,* 391 Ill.App.3d 642, 330 Ill. Dec. 854, 909 N.E.2d 876 (2009) (applying the five year oral contract statute of limitation to credit card debt in Illinois).

39. The conduct of USI was intentional, undertaken in bad faith, knowingly, and/or in gross or reckless disregard of Plaintiff's rights and not as a result of any bona fide error.

40. As a sophisticated debt collector whose primary business purpose is the collection of debts, USI is well aware of the implications settled debts.

41. Moreover, as a sophisticated debt collector, USI knows which accounts are no longer collectible because any action on these accounts would be time-barred by the applicable statute of limitations.

42. USI does not maintain appropriate policies and procedures to ensure that it is not attempting to collect debts which have been settled in full and debts for which the collection is time-barred by the applicable statute of limitations.

43.     Concerned about the violations of his rights, Santos sought the assistance of counsel to ensure that USI's collection efforts to collect a settled debt ceased.

44.     Santos has expended time and incurred costs consulting with his attorney as a result of USI's unlawful collection actions.

45.     Santos was unduly inconvenienced and harassed by USI's unlawful attempts to collect a debt which he settled in full over nine years ago and which, even if he did not settle, would be time-barred by the five-year statute of limitations.

46.     Santos suffered distress by USI's unlawful attempts to collect a debt which had been settled in full more than nine years ago.

## CLASS ACTION ALLEGATIONS

47.     Santos repeats and realleges all of the above allegations as though fully set forth herein.

48.     Santos brings these claims on behalf of himself and two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

49.     Nationwide Class A [Count I] consists of (a) all individuals in the United States, (b) to whom a collection letter was sent on behalf of USI to collect a debt, (c) which debt had previously been settled in full, (d) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

50.     Nationwide Class B [Count II] consists of (a) all individuals in the United States, (b) to whom a collection letter was sent on behalf of USI to collect a debt, (c) which debt was time-barred by the statute of limitations, (d) which letter was sent on or after a date  one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

51.     Excluded from the Classes are USI and its employees and agents and members of the Judiciary. Santos reserves the right to amend the Class definition upon completion of class discovery when the contours and the parameters of the class become more apparent.

52.     A class action is proper in that:

(a)     On information and belief, the class consists of more than forty (40) and likely hundreds of persons who are identifiable through USI's records and each Class is so numerous that joinder of all members is impracticable.

(b)     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual Class Members including:

(i)     Whether USI knew or should have known that the debts USI was attempting to collect on were previously settled in full;

(ii)    Whether a letter attempting to collect on a previously settled debt violates the FDCPA;

(iii)   Whether USI knew or should have known that the debts were time-barred by the statute of limitations;

(iv)    Whether a letter attempting to collect a time-barred debt without disclosure of its time-barred nature violates the FDCPA.

53.     Santos' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

54.     Santos will fairly and adequately represent and protect the interests of the Class Members. Santos has retained counsel experienced in class actions and FDCPA litigation. Neither Santos nor his counsel have any interests adverse to or in conflict with the Class.

55.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently in that (a) individual actions are not economically feasible; (b) members of the classes are likely to be unaware of their rights; and (c) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I
## VIOLATION OF THE FDCPA
### *(Settled Debts - On behalf of Plaintiff and  Members of Nationwide Class A)*

56.     Santos repeats and realleges all of the above allegations as though fully set forth herein.

57.     It is the policy and practice of USI to send and cause the sending of letters seeking to collect debts that were previously paid and settled in full.[2]

58.     15 U.S.C. 1692e(2)(A) states, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2)     The false representation of --

> (A) the character, amount, or legal status of any debt;...

> (5)     The threat to take any action that cannot legally be taken or that is not intended to be taken;...

> (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…."

---

[2]  *See*  https://www.bbb.org/us/pa/bristol/profile/collections-agencies/usi-solutions-inc-0241-236012457/complaints last visited on 07/08/2019 at 6:20 P.M. CDT.  Thirty-three consumer complaints closed in the last three years; 28 complaints closed in the last 12 months.  Thirty complaints were filed for USI's billing/collection practices including complaints for USI's attempted collection of previously settled debts.

*See* https://www.consumerfinance.gov/data-research/consumer-complaints last visited on 07/08/2019 at 6:25 P.M. CDT. Of the 75 consumer complaints filed with the CFPB, 70 complaints were filed for USI's debt collection practices including complaints for USI's attempted collection of previously settled debts.

59.     In its letter of June 19, 2019, USI violated 15 U.S.C. § 1692e(2)(A) by falsely representing that a debt was due with respect to the subject account. *See **Exhibit 3***.

60.     In further violation of 15 U.S.C. § 1692e(2)(A), USI requested a full payment and directed Santos to contact its office to make payment on an account that Santos had already settled and paid, in full, the agreed upon settlement amount with respect to the subject debt. *See **Exhibits 1, 2 and 3***.

61.     USI violated 15 U.S.C. § 1692f by employing unfair means to collect the alleged debt from Santos. Specifically, USI's June 19, 2019 collection letter uses unfair and unconscionable means to attempt to collect the alleged debt by attempting to collect a debt that was previously settled in full and had a zero balance.

62.     USI has shown willful and malicious disregard towards the FDCPA.

63.     USI does not have appropriate policies and procedures in place to determine which debts it is collecting upon that have already been settled in full and therefore, have a zero balance.

64.     Santos and each class member have suffered actual damages as a result of USI's unlawful, abusive, deceptive, and unfair collection practices described herein. USI's letter violated Santos' right and the rights of each class member to be free from abusive debt collection practices. This injury goes to the core interest that Congress sought to protect—a debtor's right to be free from unfair debt collection practices. *See* 15 U.S.C. § 1692e.

65.     Section 1692k of the FDCPA provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)     in the case of any action by an individual, such additional damages as the court may allow, but mot exceeding $1,000; or

    (B)     in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collection; and

    (3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff, Glennpaul Santos, and the class members and against Defendant for:

    a.     Statutory damages as prescribed by the FDCPA;

    b.     Any actual damages, in an amount to be proven up at a later date, including all amounts paid on previously settled debts;

    c.     Any actual damages, in an amount to be proven up at a later date, including all amounts paid on time-barred debts;

    d.     Attorneys' fees, litigation expenses and costs of suit; and

    e.     Such other and further relief as this Honorable Court deems just and appropriate.

## COUNT II
## VIOLATION OF THE FDCPA
### *(Time-Barred Debts - On behalf of Plaintiff and Members of Nationwide Class B)*

66.     Santos repeats and realleges all of the above allegations as though fully set forth herein.

67.     It is the policy and practice of USI to send and cause the sending of letters seeking to collect debts that were time-barred by the statute of limitations.[3]

68.     15 U.S.C. 1692e(5) states as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. §1692e(5).

69.     In its letter of June 19, 2019, USI violated 15 U.S.C. 1692e(5) by falsely representing that the subject account was placed with it for "collection."  *See **Exhibit 3***.

70.     The Bank of America, N.A. account was sold to Pinnacle Credit Services, LLC and sent to Landis for collection prior to January 29, 2010. *See **Exhibit 1***.

71.     Any collection action by USI on the subject debt in June 2019 would be time-barred by the Illinois five-year statute of limitations.

72.     USI violated 15 U.S.C. § 1692e by failing to advise Santos that the debt was time-barred by the statute of limitations.

73.     USI violated 15 U.S.C. § 1692e by failing to advise Santos that if he did not pay the alleged amount due, he cannot be sued on the subject debt.

74.     In threatening Santos with "collection," USI made a misleading representation that it would take action that it legally could not take against him because any such action on the subject debt would be time-barred by the applicable five-year statute of limitations.

---

[3]  *See*  https://www.bbb.org/us/pa/bristol/profile/collections-agencies/usi-solutions-inc-0241-236012457/complaints last visited on 07/08/2019 at 6:20 P.M. CDT.  Thirty-three consumer complaints closed in the last three years; 28 complaints closed in the last 12 months.  Thirty complaints were filed for USI's billing/collection practices including complaints for USI's attempted collection of time-barred debts.

  *See* https://www.consumerfinance.gov/data-research/consumer-complaints last visited on 07/08/2019 at 6:25 P.M. CDT. Of the 75 consumer complaints filed with the CFPB, 70 complaints were filed for USI's debt collection practices including complaints for USI's attempted collection of time-barred debts.

75.     USI violated 15 U.S.C. § 1692f by employing unfair means to collect the alleged debt from Santos. Specifically, USI's June 19, 2019 collection letter uses unfair and unconscionable means to attempt to collect the alleged debt by (a) attempting to collect a debt that was previously settled in full and had a zero balance; and (b) failing to disclose that USI cannot sue to collect the alleged debt.

76.     USI has shown willful and malicious disregard towards the FDCPA.

77.     USI does not have appropriate policies and procedures in place to determine which debts it is collecting but has no intention of actually pursuing because the debts are time-barred by the applicable statute of limitations.

78.     Santos and each class member have suffered actual damages as a result of USI's unlawful, abusive, deceptive, and unfair collection practices described herein. USI's letter violated Santos' right and the rights of each class member to be free from abusive debt collection practices. This injury goes to the core interest that Congress sought to protect—a debtor's right to be free from unfair debt collection practices. *See* 15 U.S.C. § 1692e.

79.     Pursuant to 15 U.S.C. § 1692k, Plaintiff and the Class members are entitled to actual damages, statutory damages, attorneys' fees and costs.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff, Glennpaul Santos, and the class members and against Defendant for:

a.      Statutory damages as prescribed by the FDCPA;

b.      Any actual damages, in an amount to be proven up at a later date, including all amounts paid on previously settled debts;

c.      Any actual damages, in an amount to be proven up at a later date, including all amounts paid on time-barred debts;

    d.      Attorneys' fees, litigation expenses and costs of suit; and

    e.      Such other and further relief as this Honorable Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

*Respectfully submitted,*

*/s/ Rusty A. Payton*
Rusty A. Payton
Payton Legal Group
20 North Clark Street
Suite 3300
Chicago, Illinois 60601
(773) 682-5210
info@payton.legal

Arthur C. Czaja
7521 N. Milwaukee Ave.
Niles, Illinois 60714
(847) 647-2106
arthur@czajalawoffices.com

*Counsel for Plaintiff*